**AFFIRM; and Opinion Filed March 27, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00351-CV

### NATIONAL HEALTH RESOURCES CORPORATION, Appellant
### V.
### TBF FINANCIAL, LLC., Appellee

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-3497-2011**

## OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Fillmore

National Health Resources Corporation (NHRC) appeals the trial court's grant of summary judgment in favor of TBF Financial, LLC (TBF) asserting, in four issues, that the trial court did not have subject matter jurisdiction because TBF does not have standing to assert a breach of contract claim; the trial court erred by granting TBF's motion for summary judgment because there are genuine issues of material fact as to the ownership of the breach of contract claim asserted by TBF and the evidence submitted by TBF was insufficient to support summary judgment; and the trial court erred by denying NHRC's motion for summary judgment because there is no evidence TBF owned the lease that was the subject of the breach of contract claim. We affirm the trial court's judgment.

## Background

TBF sued NHRC for breach of an agreement for the lease of a copier. TBF alleged that NHRC entered into the lease agreement with Konica Minolta Business Solutions, U.S.A., Inc. (KMBS), KMBS assigned the lease to CIT Technology Financing Services, Inc. (CIT), and CIT assigned the lease to TBF. TBF also alleged NHRC failed to make all payments required under the lease. NHRC filed an answer that included a verified denial that TBF had legal capacity to bring the claim. NHRC also filed a motion to dismiss on the ground TBF did not have standing to assert the breach of contract claim.

TBF filed a motion for traditional summary judgment. As summary judgment evidence, TBF relied on the January 25, 2012 affidavit of Brett Boehm, the managing member of TBF. Boehm stated that, by assignment of the lease, TBF is the owner and holder of the lease between KMBS and NHRC. Further, as part of his duties, Boehm is responsible for collecting payments due under the lease. According to Boehm, NHRC has not made all payments due under the lease and there is an unpaid balance of $4,140.

Boehm stated he is also the custodian of records for TBF, and seven pages of business records from TBF were attached to Boehm's January 25, 2012 affidavit. According to Boehm, these records were kept by TBF in the regular course of business by an employee or representative of TBF with knowledge of the event who made the record at or near the time of the event. Boehm acknowledged that some of the documents attached to the January 25, 2012 affidavit were originally business records of KMBS "and/or" CIT.

Boehm stated he was responsible for negotiating and completing the purchase by TBF of thousands of leases owned by KMBS "and/or" CIT. In doing so, he reviewed "numerous business records" of KMBS "and/or" CIT and became familiar with their systems for keeping business records. Boehm indicated that KMBS's "and/or" CIT's records relating to the leases

acquired by TBF were made in the regular course of business by an employee or representative of KMBS or CIT with knowledge of the event who made the record at or near the time of the event. Based on Boehm's experience with KMBS's "and/or" CIT's business records, he attested that KMBS and CIT had a great interest in keeping accurate records of equipment leases and payments received because, without careful and reliable record keeping procedures, the businesses would suffer greatly or fail.

According to Boehm, during and after the purchase of a lease, TBF verified the accuracy of KMBS's "and/or" CIT's business records. After a lease was transferred to TBF, the business records of KMBS "and/or" CIT were incorporated into, and became an integral part of, TBF's business records. Further, TBF relied on the accuracy of KMBS's "and/or" CIT's business records, and those records form the basis for TBF's calculation of the amount due on a lease.

Attached to Boehm's January 25, 2012 affidavit are an "Accounting Statement" dated October 26, 2011 regarding TBF File Number 81347 that showed a balance due of $4,140; a January 24, 2008 copier lease agreement between KMBS and Zybec Corporation (Zybec) with a term of forty-eight months;[1] and a June 17, 2011 Bill of Sale between CIT and TBF for certain leases identified in "Exhibit A." Attached to the Bill of Sale is a redacted copy of "Exhibit A" identifying a lease with a TBF number of "81347," a CIT number of "061-0010147-0000," and a lessee of "Zybec Corporation."

Also attached to Boehm's January 25, 2012 affidavit is an October 26, 2011 affidavit of Boehm that states he is a principal and manager of TBF and was TBF's principal representative in negotiations with CIT to acquire equipment leases. As part of that process, Boehm reviewed, or supervised the review of, CIT's books, records, and documents concerning the leases TBF acquired, including the lease between KMBS and Zybec. According to CIT's "books, records,

---

[1] The parties do not dispute that NHRC was formerly known as Zybec Corporation.

and documents," KMBS transferred to CIT "all of its right, title, and interest in and to" the lease between it and Zybec immediately after the lease was signed. Boehm attested that the transaction between CIT and TBF was consummated on June 27, 2011, and TBF is "now the true, lawful, and absolute owner" of the lease.

NHRC did not file a response to TBF's motion and did not object to TBF's summary judgment evidence. NHRC did file a motion for no-evidence summary judgment on the ground that TBF was not a party to the contract and was required to "prove that the cause of action was in fact assigned via documentary evidence." TBF responded to NHRC's motion, arguing it was insufficient because it failed to identify a specific element of TBF's claim for which there was no evidence. Alternatively, TBF argued the evidence submitted in support of its motion for summary judgment conclusively established its right to judgment.

The trial court granted TBF's motion for summary judgment and denied NHRC's motion for summary judgment. The trial court rendered judgment for TBF in the amount of $4,140 and awarded TBF $1,000 in attorney's fees and contingent attorney's fees on appeal.

## Jurisdiction

In its third issue, NHRC asserts TBF failed to show it was an assignee of KMBS, the party to the contract, and therefore did not have standing to assert the breach of contract claim. Standing is a component of subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). "A court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). Whether a party has standing to pursue a cause of action is a question of law subject to de novo review. *Id.* at 150–51.

This Court has concluded that "a challenge to a party's privity of contract is a challenge to capacity, not standing." *John C. Flood of DC, Inc. v. SuperMedia, L.L.C.*, 408 S.W.3d 645,

–4–

651 (Tex. App.—Dallas 2013, pet. filed) (citing *Landry's Seafood House–Addison, Inc. v. Snadon*, 233 S.W.3d 430, 433 (Tex. App.—Dallas 2007, pet. denied)). Whether a party is entitled to sue on a contract "is not truly a standing issue because it does not affect the jurisdiction of the court; it is, instead, a decision on the merits." *Id.* (quoting *Heartland Holdings Inc. v. U.S. Trust Co. of Tex. N.A.*, 316 S.W.3d 1, 6–7 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). "When it is established that a breach of contract plaintiff lacks entitlement to sue on a contract, the proper disposition may be summary judgment on the merits, but it is not dismissal for want of jurisdiction." *Id.* (quoting *Heartland Holdings Inc.*, 316 S.W.3d at 7); *see also Yasuda Fire & Marine Ins. Co. v. Criaco*, 225 S.W.3d 894, 898 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (ability of an entity that is not a party to a contract or a third-party beneficiary of the contract to sue "goes to the merits and does not deprive courts of jurisdiction").

Whether TBF was the assignee of the lease between NHRC and KMBS is not an issue of standing. *John C. Flood of DC, Inc.*, 408 S.W.3d at 651. Rather, it is a question of whether TBF can recover in the capacity in which it sued, an issue that goes to the merits of TBF's claim. *Id.*; *see also Nine Greenway Ltd. v. Heard, Goggan, Blair & Williams*, 875 S.W.2d 784, 787 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (whether landlord was successor in interest to original landlord was issue of "capacity to sue," not "standing"). We resolve NHRC's first issue against it.

### Summary Judgment Evidence

In its fourth issue, NHRC argues TBF's evidence was insufficient to support summary judgment because (1) any documents from KMBS or CIT are inadmissible hearsay and were not properly authenticated as business records, and (2) Boehm's statement that TBF owned the lease was not within his personal knowledge. As to NHRC's first complaint, an objection that an

affidavit in support of a motion for summary judgment contains hearsay is an objection to the form of the affidavit. *Strother v. City of Rockwall*, 358 S.W.3d 462, 469 (Tex. App.—Dallas 2012, no pet.). To preserve this complaint for appellate review, NHRC was required to make the objection in the trial court and obtain a ruling from the trial judge. *Id.* NHRC did not make a hearsay objection in the trial court and, therefore, has waived its complaint on appeal. *Id.*

NHRC also asserts that Boehm did not have personal knowledge of whether KMBS assigned the lease to CIT. NHRC did not raise this complaint in the trial court. However, we need not address whether the complaint is precluded on appeal because Boehm's affidavit sufficiently set out the bases of his knowledge of the assignment from KMBS to CIT.

For a summary judgment affidavit to have probative value, the affiant must swear that the facts presented in the affidavit reflect his personal knowledge and explain the basis for personal knowledge in the affidavit. *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 224 (Tex. 2004) (orig. proceeding) (per curiam); *Hydroscience Technologies, Inc. v. Hydroscience, Inc.*, 401 S.W.3d 783, 791 (Tex. App.—Dallas 2013, pet. denied). Boehm set out two bases for his personal knowledge that TBF owned the lease. First, Boehm stated in his January 25, 2012 affidavit that he is the managing member of TBF and, in his October 26, 2011 affidavit, that he is a principal and manager of TBF. In both affidavits, Boehm attested that he was responsible for negotiating the lease transaction with CIT. During those negotiations, he reviewed CIT's "book, records, and documents," and those records reflected the lease had been assigned by KMBS to CIT. "An affiant's position or job responsibilities can qualify him to have personal knowledge of facts and establish how he learned of the facts." *Hydroscience Technologies, Inc.*, 401 S.W.3d at 791; *see In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d at 222 (review and comparison of documents can be sufficient basis for personal knowledge in some circumstances).

Second, in his January 25, 2012 affidavit, Boehm stated he is TBF's business records custodian. During the negotiations between CIT and TBF concerning the acquisition of equipment leases, he became familiar with KMBS's and CIT's record-keeping systems. Based on that experience, Boehm knew the documents reviewed in connection with the lease transaction that is the subject of this case were kept by KMBS and CIT in a manner that qualified them as business records. *See* TEX. R. EVID. 803(6) (excepting business records from hearsay rule), 902(10) (establishing requirements for records custodian's affidavit sufficient to render business records self-authenticating). Further, during and after the purchase of the leases from CIT, TBF verified the accuracy of KMBS's and CIT's records. After the transaction was completed, the business records of KMBS and CIT were incorporated into TBF's business records and relied upon by TBF. Boehm attested that, based on TBF's business records, including the records incorporated from KMBS and CIT, KMBS assigned the lease with NHRC to CIT, CIT assigned the lease to TBF, and TBF was the current owner of the lease. Boehm's acknowledgment of the sources from which he gained his knowledge, in this case KMBS's and CIT's business records, does not violate the personal knowledge requirement. *See In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d at 224 (rejecting contention affidavit not based on personal knowledge when affiant stated his determinations were based on his review of company's human resources database and comparisons with documents); *Asshauer v. Glimcher Realty Trust*, 228 S.W.3d 922, 926–27 (Tex. App.—Dallas 2007, no pet.) (concluding affiant did not lack personal knowledge because her knowledge was based on review of her clients' business records and documents executed as part of transaction at issue).

Further, even though TBF was not the original party to the lease, KMBS's and CIT's business records may qualify as TBF's business records if (1) the records are incorporated and kept in the course of TBF's business, (2) TBF typically relies upon the accuracy of the records'

contents, and (3) the circumstances otherwise indicate the document's trustworthiness. *Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV, 2013 WL 6465637, at *11–12 (Tex. App.—Austin Nov. 27, 2013, no pet.) (mem. op.) (citing *Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 240–41 (Tex. App.—Houston [1st Dist.] 2010, no pet.)). A document created by one business may become a record of a second business if the second business "determines the accuracy of the information generated by the first business." *Martinez v. Midland Credit Mgmt., Inc.*, 250 S.W.3d 481, 485 (Tex. App.—El Paso 2008, no pet.); *see also Duncan Dev., Inc. v. Haney*, 634 S.W.2d 811, 813–14 (Tex. 1982). When an affiant's summary judgment affidavit contains testimony that identifies him as a record custodian and establishes his relationship with the facts of the case in a manner sufficient to demonstrate the facts at issue, the personal knowledge requirement for summary judgment affidavits may be satisfied. *Rockwall Commons Assoc., Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 510 (Tex. App.—El Paso 2010, no pet.).

Although the documents attached to Boehm's affidavit do not include a bill of sale showing the lease was transferred from KMBS to CIT, Boehm attested that, as the person responsible for negotiating TBF's purchase of equipment leases from CIT, he reviewed, or supervised the review of, relevant business records from KMBS and CIT. TBF verified the accuracy of those records and, following the sale of the leases, incorporated those records into its business records. Based on the records reviewed during the transaction and incorporated into TBF's records, Boehm stated that KBMS assigned the lease with NHRC to CIT, CIT assigned the lease to TBF, and TBF owned the lease. Boehm was not required to provide supporting documentation to support his statement that the lease was assigned by KMBS to CIT. *See Ortega v. Cach, LLC*, 396 S.W.3d 622, 628 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (officer of bank could testify, based on personal knowledge acquired from bank's records, that account was transferred and was not required to provide supporting documentation). We

conclude Boehm's affidavit sufficiently established the basis of his personal knowledge that TBF owned the lease. We resolve NHRC's fourth issue against it.

**Motions for Summary Judgment**

In its first two issues, NHRC contends the trial court erred by granting TPF's traditional motion for summary judgment and denying NHRC's no-evidence motion for summary judgment. We review a trial court's decision to grant summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). The standards of review for traditional and no-evidence summary judgment are well known. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). With respect to a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and judgment should be rendered as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548–49. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. TEX. R. CIV. P. 166a(i); *Gish*, 286 S.W.3d at 310. To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. *Gish*, 286 S.W.3d at 310; *see also* TEX. R. CIV. P. 166a(i).

In reviewing both a traditional and no-evidence summary judgment, we consider the evidence in the light most favorable to the nonmovant. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Gish*, 286 S.W.3d at 310. When both parties move for summary judgment and the trial court grants one motion and denies the other, we consider

both motions, their evidence, and their issues, and we may render the judgment that the trial court should have rendered. *Fielding*, 289 S.W.3d at 848.

The elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, No. 05-11-01718-CV, 2014 WL 345649, at *12 (Tex. App.—Dallas, Jan. 30, 2014, no pet.). TBF's summary judgment evidence established the existence of the lease, that NHRC failed to make all payments required by the lease, and the amount unpaid was $4,140. On appeal, NHRC complains only that TBF failed to establish ownership of the breach of contract claim asserted by TBF. However, Boehm attested TBF was the owner of the lease, and NHRC filed no summary judgment evidence that raised a genuine issue of material fact as to the ownership of the lease. We conclude the evidence conclusively established TBF's right to summary judgment on its breach of contract claim. Accordingly, the trial court did not err by granting TBF's motion for summary judgment and denying NHRC's motion for summary judgment. We resolve NHRC's first and second issues against it.

We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

130351F.P05

–10–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NATIONAL HEALTH RESOURCES
CORPORATION, Appellant

No. 05-13-00351-CV　　V.

TBF FINANCIAL, LLC., Appellee

On Appeal from the County Court at Law
No. 5, Collin County, Texas,
Trial Court Cause No. 005-3497-2011.
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee TBF Financial, LLC. recover its costs of this appeal from appellant National Health Resources Corporation.

Judgment entered this 27th day of March, 2014.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE