**Affirmed; Opinion Filed July 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01019-CV

### FEYSAL AYATI-GHAFFARI AND IRANA HAGNAZARI, Appellants
### V.
### HAZAWIPERI JACKIE GUMBODETE AND JOSE ANAYA, Appellees

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-04867-2012**

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Schenck
Opinion by Justice Lang

Hazwiperi Jackie Gumbodete and Jose Anaya ("appellees" or "plaintiffs") filed this lawsuit in the trial court below against Feysal Ayati-Ghaffari and Irana Hagnazari ("appellants" or "defendants") seeking damages for loss of personal property allegedly caused by appellants. After considering appellees' motion for summary judgment, the trial court signed a "Final Summary Judgment" granting appellees' motion and awarding them $41,804 in actual damages, $7,287.50 in attorney's fees, and $3,719.12 in prejudgment interest and other fees and costs against Ayati-Ghaffari.[1]

Proceeding pro se on appeal, Ayati-Ghaffari asserts seventeen issues, which we describe below. We decide against Ayati-Ghaffari on all issues. The trial court's judgment is affirmed.

---

[1] Hagnazari has not filed a brief in this Court.

Because the law to be applied in this case is well settled, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties do not dispute that on approximately October 5, 2009, Ayati-Ghaffari, as "landlord," and Gumbodete, as "tenant," executed a one-year written residential lease for certain real property in Plano, Texas (the "Premises"). Gumbodete and Anaya resided at the Premises for the lease term and continued to reside there for several months after the lease expired.

This case was filed by plaintiffs on December 27, 2012. In their petition, plaintiffs stated that on approximately December 27, 2010, a fire "severely damaged the Premises" and "made it impossible" for them to continue to reside at that location. According to plaintiffs, due to the condition of the Premises, they "were unable to gain access to most of their possessions" and "were only able to take a few items of personal property with them when they moved temporarily into a hotel." Additionally, plaintiffs contended as follows:

> Since they were not able to move their possessions from the Premises, the Plaintiffs requested on several occasions that the Defendants waterproof the Premises as soon as possible. Defendant Ayati represented to the Plaintiffs that their personal property would be secured and protected. Despite these representations, Defendants wholly failed to secure and waterproof the Premises.
> In early January 2011, substantial rainfall occurred at the Premises. Since the Defendants had failed to secure and waterproof the Premises, many items of personal property belonging to the Plaintiffs were damaged or destroyed by exposure to the rain and cold.

Plaintiffs asserted claims for (1) violation of the Texas Deceptive Trade Practices Act ("DTPA"), *see* TEX. BUS. & COM. CODE ANN. §§ 17.41–17.63 (West 2011); (2) negligence; and (3) breach of contract. Also, plaintiffs requested attorney's fees pursuant to the DTPA and Texas Civil Practice and Remedies Code section 38.001. *See id.* § 17.50 (providing for recovery of attorney's fees in DTPA actions); TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2015) (providing for recovery of attorney's fees respecting breach of contract claims).

Defendants, proceeding pro se, filed separate answers in which they asserted general denials and several affirmative defenses not relevant to this appeal. Additionally, Ayati-Ghaffari asserted several counterclaims against plaintiffs. Those counterclaims stated in part (1) "Non-Paying-RENTER made them **TRESSPASSERS** [sic] (Breach-of-Contract together with ExParte)"; (2) "Lack of **PROOF-of-OWNERSHIP** created their problems, that's why the Defendants are becoming COUNTER-PLAINTIFFS because economic damages over $300,000.00, plaintiff's Fraudulent-Activities and their misrepresentations,"; and (3) "**AGENCY and RESPONDEAT SUPERIOR**: Whenever in this petition it is alleged that the Plaintiffs did any act or thing, it is meant that Plaintiffs themselves and their accessory agents Westerburg & Thornton, P.C. and Foremost Insurance Group servants, employees or representatives did such act or things. . . . [Plaintiffs or their agents] knowingly/intentionally refused to notify the Defendants 30 days before filing this lawsuit of 12/27/2012 accordingly, under Tex. Civ. Prac. & Rem. Code Ann. 38.001et seq., defendants are entitled to recover the amount of defendant's valid claim and costs under the contract with plaintiffs and the EXPARTE FOREMOST INSURANCE GROUP." (emphasis original).[2]

On March 21, 2014, plaintiffs filed a motion for summary judgment. Plaintiffs contended in part they were entitled to summary judgment because "no genuine issue of material fact exists regarding Plaintiffs' causes of action." Additionally, plaintiffs asserted specific arguments respecting their entitlement to summary judgment on their breach of contract and DTPA claims. Attached to plaintiffs' motion were a copy of the written lease described above and affidavits of Gumbodete and plaintiffs' counsel. Gumbodete's affidavit included an exhibit listing the "items of personal property" allegedly damaged.

---

[2] In addition to asserting the above-described counterclaims against plaintiffs, Ayati-Ghaffari named Foremost Lloyds of Texas ("Lloyds") as a third party defendant and asserted the same counterclaims against Lloyds. Prior to the judgment complained of, the trial court signed (1) a November 7, 2013 order dismissing those claims against Lloyds with prejudice and (2) a January 8, 2014 order severing those claims from all other pending claims in this case.

In his response to plaintiffs' motion for summary judgment, Ayati-Ghaffari asserted, in part, an objection to plaintiffs' summary judgment evidence on the grounds that the exhibit attached to Gumbodete's affidavit (1) was "Internet-generated," (2) lacked "any proof-of-purchase," and (3) "would not be admissible at trial." Attached to Ayati-Ghaffari's summary judgment response was an affidavit of Rebecca Cucovatz, a real estate broker, in which Cucovatz stated she wrote the lease executed by Gumbodete and Ayati-Ghaffari described above.

Plaintiffs filed a reply to Ayati-Ghaffari's summary judgment response in which they contended in part the trial court "should sign a final summary judgment in favor of Plaintiffs and against Defendant disposing of all parties and causes of action in this case" because "[t]he pleadings and the evidence before [the trial court] authorize such a ruling." Specifically, plaintiffs argued in part (1) the evidence attached to the motion for summary judgment set forth all facts necessary to show their entitlement to the requested relief and (2) defendants failed to raise any issue of material fact.

Several days later, Ayati-Ghaffari filed a document titled "Motion for No-Evidence Summary Judgment Plaintiff's Reply to Irelevant [sic] Defendant's Response." In that motion, Ayati-Ghaffari specifically moved for no-evidence summary judgment as to plaintiffs' causes of action. Further, Ayati-Ghaffari stated in part (1) "[d]efendant waives all causes of action and relief not requested in this motion" and (2) "defendants asks [sic] the court to grant this motion and sign an order for a final summary judgment."

The trial court considered plaintiffs' motion for summary judgment "by submission."[3] The "Final Summary Judgment" described above is dated June 11, 2014, and states in part, (1) "[a]fter considering the parties' motions, responses, evidence, objections to evidence, pleadings and arguments of counsel, this Court is of the opinion that Plaintiffs' motion should be granted"

---

[3] The appellate record does not contain a reporter's record of a hearing on plaintiffs' motion for summary judgment.

and (2) "[t]his judgment finally disposes of all parties and claims and is an appealable judgment."

Ayati-Ghaffari filed a June 26, 2014 "Motion for New Trial" in which he, *inter alia*, restated his arguments described above. Ayati-Ghaffari's motion for new trial was denied by the trial court. This appeal timely followed.

## II. ISSUES ASSERTED ON APPEAL

### *A. Standard of Review and Applicable Law*

We review the grant of summary judgment de novo. *See, e.g., Spicer v. Tex. Workforce Comm'n*, 430 S.W.3d 526, 532 (Tex. App.—Dallas 2014, no pet.) (citing *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010)). Summary judgment is proper when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.* (citing TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985)).

"We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure." *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). "To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel." *Id.* Pursuant to rule 38.1(i) of the Texas Rules of Appellate Procedure, an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *accord Cruz v. Van Sickle*, 452 S.W.3d 503, 511 (Tex. App.—Dallas 2014, no pet.). "Appellant has the burden to present and discuss his assertions of error in compliance with the appellate briefing rules." *Cruz*, 452 S.W.3d at 511. "We have no duty, or even right, to perform an independent review of

the record and applicable law to determine whether there was error." *Id*. "When a party fails to adequately brief a complaint, he waives the issue on appeal." *Washington*, 362 S.W.3d at 854–55. "Bare assertions of error, without argument or authority, waive error." *Id*. at 854 (citing *Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex. App.—Dallas 1995, writ denied); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994)).

### *B. Analysis*

We quote Ayati-Ghaffari's seventeen issues on appeal as follows:

Issue 1: The evidence does not support the final summary judgment to questions about violations of the DTPA, negligence, and questions about breach of contract.

Issue 2: The trial court should not have submitted a general damage issue; instead, it should have submitted defendant's requested question regarding the separate items of damages.

Issue 3: The trial court should not have rendered judgment against defendant for cumulative damages for concurrent causes of actions arising out of the same acts.

Issue 4: 4/16/2014 defendant filed Special exceptions for the errors be amended in her summary judgment filed on 3/21/2014, and plaintiff never did amended.

Issue 5. DTPA requires 60 days Fair Notice, plaintiff violated, defect cannot be cured

Issue 6. DTPA requires of inspection, there are no item exist to inspect $0.00, no jurisdiction for level 2 claim must be over $50,000.00, fabricated jurisdiction.

Issue 7. There are plenty genuine issues of material facts exist, such as date of loss and amount of real damages (internet generated list is not admissible), falsified affidavit.

Issue 8. 10/5/2010 Holdover started, and plaintiffs could not afford to pay the rent, eviction and 30 days notice provided by landlord/defendant. Evicted plaintiff 12/29/2010, had no down payment and ability to purchase a home.

Issue 9. 12/29/2010 Church furnished a U-Haul-Truck and moved out, without any forwarding address, public storage, and hotel receipts does not exist, (dishonesty).

Issue 10. Clerk's duty to give notice. mail that the court signed a judgment violated

Issue 11. Defendant in his response to plaintiff's summary judgment asked for hearing and he did not get 21 day notice to have a hearing, final judgment in absentia.

Issue 12. Judge. 5/28/2014 defendant filed motion to disqualify. Vindictive final sj

Issue 13. One-final-judgment rule. This final judgment of unknown date signed.

Issue 14. Abandonment. Past two (2) years defendants made many trips to the courthouse and many Written Motions made, the plaintiff never made any Written motion/Response/Amend Special Exceptions, or any Discovery, the agreed motion to continuance to cancel the First jury trial of 11/4/2013 was to complete the Discovery, and plaintiff never started the discovery, But; on 3/21/2014 Summary-Judgment & rewarded. HOW?

Issue 15. The second defendant never got served in this lawsuit.

Issue 16. Order or Judgment. If the trial court denies the motion for JNOV, it should sign an order denying the motion.

Issue 17. DTPA Tex. Bus. & Com. Code Section 17.43 33, 38, 43 and Section 17.45(5) require written contract to specify the job need to be done, deadline, consideration, time, place, and the amount of money to do the job. There is no such a contract exist to perform in January 2011 between parties.

Appellees contend in part that Ayati-Ghaffari "has waived all of his issues or points of error by failing to comply with the briefing requirements of the Texas Rules of Appellate Procedure." Further, appellees contend "[i]f this Court determines that Appellant did not waive all of his errors due to his briefing issues, none of Appellant's issues or arguments justifies reversal of the Trial Court's decision to grant Appellees' motion for summary judgment."

In the section of his appellate brief titled "Argument," Ayati-Ghaffari addresses only his first issue. Further, to the extent the section of his appellate brief titled "Summary of the Argument" can be construed to assert arguments pertaining to some of his other issues, he includes no citations to authority or to the record respecting those arguments. Accordingly, we conclude Ayati-Ghaffari's second through seventeenth issues present nothing for this Court's

review. *See* TEX. R. APP. P. 38.1(i). We decide against Ayati-Ghaffari on his second through seventeenth issues.

We construe Ayati-Ghaffari's first issue as a challenge to the legal and factual sufficiency of the evidence to support the trial court's summary judgment as to plaintiffs' claims for breach of contract, negligence, and violation of the DTPA. Specifically, Ayati-Ghaffari contends (1) "[t]he entire argument under the legal and factual sufficiency challenges hangs on Gumbodete's credibility" and (2) "plaintiff's falsified affidavit is inconsistent" and "should be disregarded *as a matter of law*." (emphasis original). In support of his argument, Ayati-Ghaffari cites *Missouri Pacific Railway Co. v. Somers*, 14 S.W. 779, 780 (Tex. 1890), for the following assertion: "The Supreme Court has permitted the credibility of a party to be questioned on appeal when the plaintiff's falsifying affidavit is inconsistent and is contradicted by disinterested witnesses."

"Objections that statements of an interested witness are not clear, positive, direct, credible, and free from contradiction raise defects in form." *Four D Constr., Inc. v. Util. & Envtl. Servs., Inc.*, No. 05-12-00068-CV, 2013 WL 2563785, at *2 (Tex. App.—Dallas June 7, 2013, no pet.) (mem. op.) (citing *S & I Mgmt., Inc. v. Sungju Choi*, 331 S.W.3d 849, 855 (Tex. App.—Dallas 2011, no pet.)). A party must object in the trial court and obtain a ruling from the trial judge to preserve a complaint about the form of summary judgment evidence. *See, e.g., Nat'l Health Res. Corp. v. TBF Fin., LLC*, 429 S.W.3d 125, 129 (Tex. App.—Dallas 2014, no pet.). As described above, the record shows Ayati-Ghaffari objected to Gumbodete's affidavit in question on the grounds that the exhibit attached to that affidavit was "Internet-generated," lacked "any proof-of-purchase," and "would not be admissible at trial." Ayati-Ghaffari cites no portion of the record, and we have found none, showing he asserted a complaint in the trial court that Gumbodete's affidavit was not credible because it was "inconsistent." On this record, we

–8–

conclude Ayati-Ghaffari's appellate complaint respecting Gumbodete's affidavit presents nothing for this Court's review. *See id.*

We decide against Ayati-Ghaffari on his first issue.

### III. CONCLUSION

We decide Ayati-Ghaffari's seventeen issues against him. The trial court's judgment is affirmed.

/ Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

141019F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FEYSAL AYATI-GHAFFARI AND
IRANA HAGNAZARI, Appellants

No. 05-14-01019-CV     V.

HAZAWIPERI JACKIE GUMBODETE
AND JOSE ANAYA, Appellees

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-04867-2012.
Opinion delivered by Justice Lang, Justices
Bridges and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees Hazawiperi Jackie Gumbodete and Jose Anaya recover
their costs of this appeal from appellant Feysal Ayati-Ghaffari.

Judgment entered this 23rd day of July, 2015.