**AFFIRM; Opinion Filed April 3, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00540-CV

### SILVERADO TRUCK & DIESEL REPAIR, LLC, Appellant
### V.
### KIRK S. LAWSON, Appellee

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-06227**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Pedersen, III
Opinion by Justice Schenck

Silverado Truck & Diesel Repair, LLC ("Silverado") appeals a default judgment granted

in favor of appellee Kirk S. Lawson. In its first issue, Silverado contends the trial court abused its

discretion by failing to provide it notice and a hearing before granting Lawson's motion for default

judgment. As part of its first issue, Silverado argues the trial court erred in awarding unliquidated

damages to Lawson without supporting evidence and without conducting a hearing. In its second

issue, Silverado complains of the trial court's denial of its motion to set aside default judgment

and for new trial. We affirm the trial court's judgment. Because all issues are settled in law, we

issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

In 2015, Lawson engaged Silverado to perform work on his vehicle. On May 24, 2017,

Lawson filed a petition, in which he asserted the following causes of action against Silverado:

violation of the Texas Deceptive Trade Practices Act, negligence, breach of contract, fraud, and conversion. On July 28, 2017, the managing member of Silverado filed an original answer on its behalf. Lawson filed a motion to strike Silverado's answer because it was filed by a pro se corporate defendant. *See L'Arte De La Mode, Inc. v. Neiman Marcus Grp.*, 395 S.W.3d 291, 295 (Tex. App.—Dallas 2013, no pet.). On September 1, 2017, the trial court granted Lawson's motion, struck Silverado's answer, and ordered Silverado to retain a duly authorized attorney and file an amended answer within thirty days of the order. Silverado did not file an amended answer.

On November 3, 2017, Lawson filed a motion for entry of default judgment against Silverado. On February 7, 2018, the trial court signed an order of default judgment against Silverado, which awarded damages of $38,800.43 and attorney's fees to Lawson. On March 8, 2018, Silverado filed a motion to set aside the default judgment and for new trial. Lawson later filed a response. On April 13, 2018, the trial court signed an order denying Silverado's motion, which included a finding that Silverado's failure to answer before entry of the default judgment was the result of conscious indifference on Silverado's part.[1]

DISCUSSION

## I. Default Judgment

In its first issue, Silverado contends the trial court abused its discretion by failing to provide it adequate notice and a hearing before granting Lawson's motion for default judgment. Silverado argues that, although its answer was struck as defective, its existence prevented the trial court from granting a default judgment against Silverado. However, this Court has already concluded that after striking a corporate defendant's answer a trial court may exercise its discretion to grant a default judgment against that defendant without further notice or a hearing. *See GQ Enters. Corp.*

---

[1] The order includes the statement that after reviewing "the Motion, the response thereto, and argument of counsel," the trial court denied the motion to set aside and for new trial. However, the record contains no transcript of a hearing on the motion to set aside or for new trial.

*v. Rajani*, No. 05-12-01353-CV, 2014 WL 2152000, at *3 (Tex. App.—Dallas May 22, 2014, no pet.) (mem. op.). We may not overrule a prior panel decision of this Court. *See MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.). Thus, barring reconsideration by the Court sitting en banc or an intervening decision by the supreme court, *Rajani* controls the disposition of this issue. *See id.*; *see also Rajani*, 2014 WL 2152000, at *3.

Silverado relies on *KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894, 899 (Tex. App.—Dallas 2003, no pet.), to argue that even after the trial court struck its answer, it was entitled to notice and a hearing on Lawson's motion for default judgment. In *Beasley*, we concluded the trial court abused its discretion by entering a default judgment at the same hearing that it struck the corporate defendant's answer as defective without allowing a reasonable time to remedy the defect. *Id.* In this case, the trial court struck Silverado's answer and ordered Silverado to retain a duly authorized attorney and file an amended answer within thirty days of the order. The trial court did not grant default judgment against Silverado until five months after that order striking Silverado's answer.

Silverado also relies on a holding from the supreme court that, "In the case of a disobedient defendant where answer on the merits of the case has been stricken, a default judgment may not be taken, but the plaintiff must discharge his burden of showing his right to a recovery." *Knox v. Long*, 257 S.W.2d 289, 303 (Tex. 1952), *overruled on other grounds by Jackson v. Hernandez*, 285 S.W.2d 184, 191 (Tex. 1955). We find the facts and circumstances of *Knox* to be distinguishable from the instant case. In *Knox*, the trial court entered default judgment against an individual defendant as a sanction for refusing to appear and give her deposition. *See id.* at 302.

As part of its first issue, Silverado argues that the trial court committed reversible error by failing to have the court reporter present to record the proceedings on the default judgment.

Silverado relies on a decision requiring a record to establish that a post-answer default judgment was properly entered on sufficient evidence rather than impermissibly on a plaintiff's pleadings. *See Sharif v. Par Tech, Inc.*, 135 S.W.3d 869, 873 (Tex. App.—Houston [1st Dist.] 2004, no pet.). As we have already concluded that the trial court properly treated the defendant as having filed no answer and properly granted default judgment against Silverado without conducting a hearing, we decide against Silverado on this argument as well. *See Rajani*, 2014 WL 2152000, at *3.

## II.    Unliquidated Damages

As part of its first issue, Silverado argues the trial court erred in awarding unliquidated damages to Lawson without supporting evidence and without conducting a hearing. Silverado challenges Lawson's evidence as conclusory, hearsay, and failing to establish a causal nexus between Lawson's injuries and Silverado's conduct. We construe Silverado's arguments to be that (1) Lawson failed to put forth competent evidence to support his alleged damages, (2) such evidence failed to establish a causal nexus between Silverado's conduct and Lawson's alleged injuries, and (3) the trial court erred in failing to conduct a hearing on Lawson's unliquidated damages.

No-answer and post-answer default judgments differ in the issues a plaintiff is required to prove. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009). In cases of no-answer default, a defaulting defendant admits all facts properly pled in the plaintiff's petition except for the amount of unliquidated damages. *Id.* Thus, the plaintiff is only required to prove its claim for unliquidated damages. *Id.* But if the defendant files an answer, a trial court may not render judgment on the pleadings and the plaintiff is required to offer evidence and prove all aspects of its claim. *Id.*

Here, we concluded the trial court properly treated the defendant as having filed no answer, so we will review the judgment in this case as a no-answer default judgment. Lawson, of course,

was still required to support his claim for unliquidated damages with competent evidence consistent with the pleaded causes of action. *See In re Elite Door & Trim, Inc.*, 362 S.W.3d 199, 201 (Tex. App.—Dallas 2012, orig. proceeding).

Lawson attached to his motion for default judgment an affidavit in which he testified he had incurred a total amount of damages of $38,800.43, "comprised of costs of repair and downtime/loss of use/rental expense." He went on to testify that his vehicle sustained $27,022.31 in cost of repair damages and $11,778.12 in loss of use/rental expense damages. Lawson also brought forward a business records affidavit showing:

- the original purchase receipt from Silverado, which included $4,514.11 related to the parts he claimed to purchase from Silverado in his petition;

- a repair invoice to clean and test the parts for $255;

- a document titled "Document Computation Form" in which amounts for the net income for 30 days was used to estimate net operating income per day ($327.17), which was then multiplied by the 36 days between when his vehicle was disabled (March 7, 2016) and subsequently repaired (April 12, 2016), in order to reach a total of $11,778.12 in lost income;

- documents listing income amounts for dates in March 2015, totaling the amount used on the prior form for gross income for 30 days;

- fuel receipts totaling fuel costs for 30 days; and

- a letter from a repair shop estimating the vehicle would require $20,865.14 in parts and labor.

Silverado challenges Lawson's evidence as conclusory, hearsay, and failing to establish a causal nexus between Lawson's injuries and Silverado's conduct.

A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 883 (Tex. App.—Dallas 2007, no pet.). As detailed above, Lawson's affidavit included invoices, calculations, and receipts to support his statements regarding the amount of damages. Accordingly, we conclude his affidavit is not conclusory. *See Allbritton v. Gillespie, Rozen,*

*Tanner & Watsky, P.C.*, 180 S.W.3d 889, 893 (Tex. App.—Dallas 2005, pet. denied) (concluding trial court abused its discretion by striking expert affidavit as conclusory when affidavit provided reasoned basis and listed documents expert reviewed in forming his opinion).

Silverado next urges that Lawson attempted to sponsor hearsay through "what purported to be his own business records affidavit." An objection that an affidavit in support of a motion for summary judgment contains hearsay is an objection to the form of the affidavit. *Nat'l Health Res. Corp. v. TBF Fin., LLC*, 429 S.W.3d 125, 129 (Tex. App.—Dallas 2014, no pet.). To preserve this complaint for appellate review, Silverado was required to make the objection in the trial court and obtain a ruling from the trial judge. *See id.* Because it did not retain counsel or otherwise appear as ordered, Silverado obviously did not make a hearsay objection in the trial court and, therefore, has waived its complaint on appeal. *See id.*; *see also Tex. Commerce Bank, N.A. v. New*, 3 S.W.3d 515, 517 (Tex. 1999) (holding unobjected-to hearsay constitutes probative evidence in support of default judgment and satisfies requirement of evidence of unliquidated damages).

Having concluded Lawson's evidence is competent, we now address Silverado's assertion that Lawson's evidence failed to establish a causal nexus between Silverado's conduct and Lawson's alleged damages. When Lawson moved for default judgment, he asserted the following causes of action against Silverado: violation of the DTPA, negligence, breach of contract, fraud, and conversion.

In his petition, Lawson asserted Silverado had sold to him parts ("new OEM Caterpillar turbo-chargers") of a different nature and class than those actually sold and installed on Lawson's vehicle ("aftermarket rebuilt Garrett turbo-chargers"). He further asserted Silverado's conduct caused him to incur damages in the form of costs of repair and "downtime/loss of use/rental expense." Lawson attached as exhibits to his affidavit an original purchase receipt from Silverado indicating in May 2015 he purchased "Cat Turbo High Side" and "Cat Turbo Low Side" from

Silverado and that Silverado had performed labor on his vehicle. The exhibits also included a repair estimate and a letter from the mechanic performing the repair that the parts actually installed in Lawson's vehicle were "after market turbos rebuilt with Garrett parts" that were found to be defective. Additionally, Lawson included repair and parts invoices dated during March and April of 2016 and the previously described "Document Computation Form" in which Lawson estimated his lost income for the time period during which his vehicle was being repaired.

We conclude the foregoing evidence establishes a causal nexus between Silverado's conduct in selling Lawson different parts than actually installed and thereby causing damage to and loss of use of his vehicle as well as resulting loss of income. *See* TEX. BUS. & COM. CODE ANN. § 17.50 (violation of DTPA where consumer incurs economic damages from defendant's use or employment of false, misleading or deceptive act or practice relied on to consumer's detriment or from defendant's unconscionable action or course of action); *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 963 (Tex. App.—Dallas 2013, no pet.) (elements of common law fraud include that plaintiff acted in reliance on defendant's false representation and thereby suffered injury); *Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 759–60 (Tex. App.—Dallas 2008, no pet.) (damages measured for conversion claim as fair market value of plaintiff's property used by defendant to exclusion of, or inconsistent with, plaintiff's rights); *Paragon Gen. Contractors, Inc.*, 227 S.W.3d at 882 (elements of breach of contract claim include damages resulting from defendant's breach of contract), 887 (elements of negligence claim include damages proximately caused by breach of duty).

Finally, we address Silverado's argument that the trial court erred by awarding unliquidated damages to Lawson without conducting a hearing. For an unliquidated damages claim, the trial court is required to "hear evidence as to damages." *See* TEX. R. CIV. P. 243. For an unliquidated claim where liability is established, as here, evidence of the total amount due is sufficient to support

an award of damages and the evidence may be supplied by affidavits. *See Collins Fin. Servs., Inc. v. Guerrero*, No. 05-07-01732-CV, 2009 WL 3032479, at \*2 (Tex. App.—Dallas Sept. 24, 2009, pet. denied) (mem. op.). Accordingly, we conclude the trial court did not err by failing to conduct a hearing on Lawson's damages.

We overrule Silverado's first issue.

## III. Motion for New Trial

In its second issue, Silverado maintains the trial court erred in denying its motion to set aside default judgment and for new trial because it satisfied all three elements of the *Craddock* test. A default judgment should be set aside if the defendant proves: (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) a new trial would cause neither delay nor undue prejudice. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). The defaulting defendant has the burden of proving all three elements of the *Craddock* test before a trial court is required to grant a motion for new trial. *Utz v. McKenzie*, 397 S.W.3d 273, 278 (Tex. App.—Dallas 2013, no pet.). We review a trial court's ruling on a motion for new trial for an abuse of discretion, which occurs when the motion is denied despite all three elements being met. *Lerma*, 288 S.W.3d at 926. Further, we bear in mind the policy set forth by the supreme court that an adjudication on the merits is preferred in Texas. *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012).

The second element of *Craddock* requires the defendant to set up a meritorious defense. *L'Arte De La Mode, Inc. v. Neiman Marcus Grp.*, 395 S.W.3d 291, 296 (Tex. App.—Dallas 2013, no pet.). A defendant does so by alleging facts that would in law constitute a defense, supporting the allegations by affidavits or other evidence providing prima facie proof that the defendant has such a defense. *See id.* A meritorious defense is one that, if true, would cause a different result

on retrial. *See id.* Once the defendant has met these requirements, controverting evidence offered by the plaintiff should not be considered. *See id.*

In the affidavit attached to its motion for new trial, Silverado's managing member testified Silverado installed two turbo-chargers on Lawson's vehicle and allowed Lawson to take possession of the vehicle before he had paid in full. According to the affidavit, at no time during the four months over which Lawson paid his outstanding balance, did he notify Silverado regarding any complaint as to the parts installed on his vehicle or the quality of repairs performed. Further, Silverado's managing member asserted that Silverado first learned of Lawson's grievances when it was served with citation on or about June 9, 2017, nearly two years after Lawson made the final payment on or about September 28, 2015.

Silverado argues that these facts set forth a meritorious defense to Lawson's claims of violation of the DTPA by asserting Lawson failed to provide the statutorily required pre-suit notice. *See* TEX. BUS. & COM. CODE ANN. § 17.505(a) (requiring pre-suit notice). The DTPA requires that a plaintiff serve the defendant with a demand letter as a prerequisite to *filing* suit. *See id.* (emphasis added). The notice requires written notice advising the defendant in reasonable detail of the defendant's specific complaint and the amount of damages, including attorney's fees, if any, reasonably incurred by the plaintiff in asserting the complaint against the defendant. *See id.* The purpose of the DTPA notice provision is to discourage litigation and encourage settlements of consumer complaints. *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992). When a plaintiff fails to comply with the requirement, abatement of the action is the remedy. *See* BUS. & COM. § 17.505(d) (requiring trial court to abate suit where required notice not provided); *id.* at 469. While the action is abated, the parties may discuss their positions as they would have done during the period for pre-suit notice. *Hines*, 843 S.W.2d at 468–69. However, a defendant who fails to make

a timely request for abatement must be considered to have waived his objection to the lack of notice. *Id.* at 469.

Here, after the trial court struck its answer and granted it thirty days to retain counsel, Silverado did not retain counsel as ordered, nor did it—with or without counsel—request abatement or otherwise object to lack of notice under the DTPA. Instead, Silverado waited until after the trial court entered a default judgment against it to complain about a lack of notice only then complaining it was "never presented an opportunity to address the concerns of Plaintiff." We note Silverado raised this complaint only after the five months between the trial court's striking its order and entering a default judgment—for more than the sixty days it would have received in the form of an abatement from the trial court had it complied with its order and appeared with counsel to raise the notice issue prior to judgment. *See* BUS. & COM. §§ 17.505(d), (e). Further, Silverado never challenged Lawson's claims on the merits or asserted a substantive defense, thus declining to contest liability despite every opportunity to do so.[2]

Accordingly, we conclude, without deciding whether lack of pre-suit notice under section 17.505 would constitute a meritorious defense or that Silverado was entitled to abatement, Silverado effectively received the abatement period by refusing to appear with counsel for a period in excess of the abatement period allowed under the DTPA.[3] *Hines*, 843 S.W.2d at 469; *cf. The Moving Co. v. Whitten*, 717 S.W.2d 117, 122–23 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (holding appellants set up a meritorious defense satisfying second prong of *Craddock*

---

[2] Silverado's motion for new trial states it "hotly disputes the suggestion that the products delivered were of a different character or the quality of install was defective." It further challenged the element of damages. However, for reasons not disclosed in the record, it was unable to verify either defense. *See L'Arte De La Mode*, 395 S.W.3d at 296 (requiring alleged defense to be supported by affidavits or other evidence providing prima facie proof defendant has such defense). Instead Silverado relied only on the managing member's affidavit that it installed "two turbo-chargers" without indicating whether they were the purchased "Cat Turbo High Side" and "Cat Turbo Low Side" as listed on the invoice Lawson received or the "after market turbos rebuilt with Garrett parts" established by Lawson's evidence. Thus, Silverado failed to establish that any defense refuting an element of one of Lawson's claims was a meritorious defense under *Craddock*.

[3] Moreover, section 17.505(b) provides that such notice is not required if it is "rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations." *See* BUS. & COM. § 17.505(b). Lawson's petition asserted that such notice was impracticable and that assertion is supported by the facts that the petition was filed on May 24, 2017, and the petition asserted Silverado engaged in the complained-of conduct on or about May 24, 2015. *See id.* § 17.565 (two-year limitations period for filing DTPA actions).

where appellants' pleadings and affidavits alleged appellees failed to satisfy DTPA's notice provision because default judgment awarded treble damages under DTPA and appellants thus set up defense that would, if true, result in lesser amount of damages).

Because Silverado cannot establish all three *Craddock* elements, we conclude the trial court did not err in denying Silverado's motion for new trial. *See McLeod v. Gyr*, 439 S.W.3d 639, 654 (Tex. App.—Dallas 2014, pet. denied).

We overrule Silverado's second issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

180540F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SILVERADO TRUCK & DIESEL
REPAIR, LLC, Appellant

No. 05-18-00540-CV          V.

KIRK S. LAWSON, Appellee

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-06227.
Opinion delivered by Justice Schenck,
Justices Brown and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee KIRK S. LAWSON recover his costs of this appeal from
appellant SILVERADO TRUCK & DIESEL REPAIR, LLC.

Judgment entered this 3rd day of April 2019.