**AFFIRMED; Opinion Filed August 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00362-CV

**TRANSCONTINENTAL REALTY INVESTORS, INC., Appellant**
**V.**
**SIDNEY WICKS, AS TRUSTEE OF THE SIDNEY WICKS REVOCABLE TRUST,**
**Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-15435**

## OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Evans

Appellant Transcontinental Realty Investors, Inc. appeals from various rulings of the trial court arguing appellee lacks standing to assert claims as landlord. Appellant also contends that the trial court erred in its admission of expert witness testimony. We affirm.

### BACKGROUND

Pursuant to the terms of a lease dated September 3, 2004, Sidney Wicks leased various commercial properties in Addison, Texas to appellant. On May 17, 2006, Wicks formed the Sidney Wicks Revocable Trust (Trust) in which he serves as the trustee. On May 17, 2006, Wicks executed an Assignment and Declaration in which he assigned and transferred "all of the right, title and interest of [Wicks] in and to any and all property held by [Wicks] . . . whether

now owned or hereafter acquired" to himself, as trustee of the Trust. Thereafter, the rent appellant paid under the lease was paid to the Trust.

On December 2, 2010, Wicks, individually, filed a petition against appellant for breach of the lease. On March 3, 2011, an amended petition was filed which substituted appellee [Wicks, as trustee of the Trust] as the plaintiff instead of Wicks in his individual capacity. Appellant filed an amended answer which asserted that the Trust lacked standing to bring its claims. On July 1, 2011, appellee filed a motion for summary judgment which the trial court granted solely as to appellant's liability for breach of the lease.

On September 6, 2011, Wicks executed and recorded a general warranty deed which transferred the real property at issue in the lawsuit to the Trust. The deed states that although the document was executed on September 6, 2011, there is an "effective date" of May 17, 2006. On September 6, 2011, Wicks also executed an Assignment and Assumption of Lease which assigned all of Wicks's rights and obligations under the lease to the Trust. Although executed on September 6, 2011, this document also provides for an "effective date" of May 17, 2006.

The issue of damages owed by appellant for breach of the lease proceeded to a jury trial in October 2012. The jury returned a verdict in favor of appellee in the amount of $1,066,277.14, plus interest, attorneys' fees and expenses. After the trial court denied appellant's motion for new trial, appellant perfected this appeal.

## ANALYSIS

### A.    The Trial Court Did Not Err in Rulings Related to Appellee's Alleged Lack of Standing

In its first issue, appellant argues that the trial court erred in granting motions[1] in appellant's favor and in instructing the jury because appellee lacks standing and is unable to assert claims as landlord under the lease.  Whether a party has standing to pursue a cause of action is a question of law subject to de novo review. *Nat'l Health Res. Corp. v. TBF Fin., LLC,* 429 S.W.3d 125, 128 (Tex. App.—Dallas 2014, no pet.).  Accordingly, although the different types of trial court orders from which appellant appeals may differ in the standard of review of factual determinations, all motions at issue in this appeal warrant a de novo standard of review because the sole issue presented for our review with respect to these motions—standing—is a matter of law.  *Mariner Health Care Of Nashville v. Robins*, 321 S.W.3d 193, 200 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("Because a court's subject-matter jurisdiction is a question of law, *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004), whether a plaintiff has standing is a legal question we determine de novo.").

Specifically, appellant argues that Wicks, individually, is the party whose legal right has allegedly been breached and only in his individual capacity can Wicks properly invoke the jurisdiction of the court for claims under the lease.  Appellant also argues that the lease was not properly conveyed to the Trust in May 2006.  Finally, appellant asserts that even if the lease was properly conveyed to the Trust in May 2006 then, as a matter of law, the court's jurisdiction was not properly invoked at the time of the original filing because the suit was originally filed by Wicks, individually.  Appellant frames all of these issues as a lack of standing to bring the claims

---

[1] Specifically, appellant argues that the trial court erred in ruling on the following motions:  (1) summary judgment on liability; (2) plea to the jurisdiction; (3) consolidation; (4) directed verdict; (5) judgment not withstanding the verdict; and (6) new trial.  In addition, appellant argues that the trial court erred in instructing the jury.

for breach of lease and cites *OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P.*, 234 S.W.3d 726, 738 (Tex. App.—Dallas 2007, pet. denied) in its reply brief.

Texas law is clear, and this Court has previously held numerous times, that a challenge to a party's privity of contract is a challenge to capacity, not standing. *Nat'l Health Res. Corp.*, 429 S.W.3d at 129 ("Whether [a party] was the assignee of the lease between [the signatory parties] is not an issue of standing. [Citation omitted.] Rather, it is a question of whether [the alleged assignee] can recover in the capacity in which it sued, an issue that goes to the merits of [the alleged assignee's] claim."); *John C. Flood of DC, Inc. v. Supermedia, LLC*, 408 S.W.3d 645, 651 (Tex. App.—Dallas 2013, pet. denied); *King-Mays v. Nationwide Mut. Ins. Co.*, 194 S.W.3d 143, 145 (Tex. App.—Dallas 2006, pet. denied) ("A challenge to privity is a capacity issue, not standing, and requires compliance with rule 93," citing *Pledger v. Schoellkopf*, 762 S.W.2d 145, 145–46 (Tex. 1988) (per curiam)). Whether a party is entitled to sue on a contract "is not truly a standing issue because it does not affect the jurisdiction of the court; it is, instead, a decision on the merits." *Nat'l Health Res. Corp.*, 429 S.W.3d at 128 (quoting *Heartland Holdings Inc. v. U.S. Trust Co. of Tex.*, 316 S.W.3d 1, 6-7 (Tex. App.—Houston [14th Dist.] 2010, no pet.). In *John C. Flood of DC, Inc.*, we distinguished the informal reference to privity as standing from the technically accurate way to approach the issue in pleadings and motions as an issue of capacity:

> This Court has stated that a challenge to a party's privity of contract is a challenge to capacity, not standing, and requires compliance with rule 93 of the Texas Rules of Civil Procedure. *Landry's Seafood House–Addison, Inc. v. Snadon*, 233 S.W.3d 430, 433–34 (Tex. App.—Dallas 2007, pet. denied) (citing *King–Mays v. Nationwide Mut. Ins. Co.*, 194 S.W.3d 143, 145 (Tex. App.—Dallas 2006, pet. denied)). "While the question of whether a party is entitled to sue on a contract is often informally referred to as a question of 'standing,' it is not truly a standing issue because it does not affect the jurisdiction of the court; it is, instead, a decision on the merits." *Heartland Holdings Inc. v. U.S. Trust Co. of Tex.*, 316 S.W.3d 1, 6–7 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *see also James M. Clifton, I, Inc. v. Premillenium, Ltd.*, No. 05–08–01528–CV, 2010 WL 2089655 at *2 (Tex. App.—Dallas May 26, 2010, no pet.) (mem. op.). "When it

–4–

is established that a breach of contract plaintiff lacks entitlement to sue on a contract, the proper disposition may be summary judgment on the merits, but it is not dismissal for want of jurisdiction." *Heartland*, 316 S.W.3d at 7.

408 S.W.3d at 651. Therefore, we agree with Wicks that, in the case before us, the issue is not whether he as trustee has standing to bring this action, but instead whether he can recover in the capacity in which he sued.

Appellant also complains under these issues that the trial court instructed the jury that the lease was assigned to the Trust in May 2006. Generally, all contracts are assignable. *See Crim Truck & Tractor Co. v. Navistar Int'l Transp. Co.*, 823 S.W.2d 591, 596 (Tex. 1992); *In re FH Partners, L.L.C.*, 335 S.W.3d 752, 761 (Tex. App.—Austin 2011, no pet.). In this instance, Section 29.2 of the lease specifically provides for assignments:

> [s]ubject to the provisions of Section 27 above, and except as otherwise provided in this Lease, all of the covenants, conditions and provisions of this Lease shall be binding upon, and shall inure to the benefit of, the parties hereto and their respective heirs, administrators, personal representatives and permitted successors and assigns . . . .

Further, Section 27 of the lease entitled "Transfer of Landlord's Interest" provides that Wicks was relieved of his duties and obligations as landlord as long as the Trust assumed the obligations of the landlord. Specifically, Section 27 provides as follows:

> In the event of any transfer or conveyance of any such title or interest (other than a transfer for security purposes only), the transferor shall be automatically relieved of all covenants and obligations on the part of Landlord contained in this Lease accruing after the date of such transfer or conveyance provided that the transferee assumes the obligations of the landlord hereunder accruing after the effective date of such transfer. Landlord and Landlord's transferees and assignees shall have the absolute right to transfer all or any portion of their respective title and interest in the Project and/or this Lease without the consent of Tenant.

On May 17, 2006, Wicks executed an Assignment and Declaration in which he assigned and transferred to the Trust "all of the right, title and interest of [Wicks] in and to any and all property held by [Wicks] . . . whether now owned or hereafter acquired." In addition, Wicks and

the Trust executed an Assignment and Assumption of Lease on September 6, 2011, with an effective date of May 17, 2006, which provides as follows:

> Effective as of the Effective Date, Assignor hereby TRANSFERS, ASSIGNS, and CONVEYS to Assignee, and Assignee hereby ASSUMES and ACCEPTS the transfer, assignment and conveyance of, all right, title and interest of Assignor in, to and under the Lease; however, such assumption by Assignee is limited to the obligations of Assignor, as landlord under the Lease, first occurring and arising from and after the Effective Date.

Although assignments are usually effective on the date on which they are signed, there is no language in the lease which would require that the assignment only be effective upon execution. Thus, Wicks was not prevented from executing the Assignment and Assumption of Lease with a retroactive "effective date" of May 17, 2006. *See Crowell v. Bexar Cnty.*, 351 S.W.3d 114, 117 (Tex. App.—San Antonio 2011, no pet.). Wicks's assignment of the lease to the Trust did not create new rights and, indeed, Wicks sued on behalf of the Trust merely to enforce the lease. *See id*. Appellant had agreed to the lease and paid rent to the Trust, so appellant is not harmed by the May 2006 retroactive effective date of the 2011 assignment. Accordingly, we overrule appellant's first issue.

### B.    The Trial Court Did Not Err in Admitting Expert Testimony

In its second issue, appellant argues that the trial court erred in admitting expert testimony regarding future damages under the lease. We review the trial court's determination regarding the admission of expert testimony under an abuse of discretion standard of review. *See In re J.B.*, 93 S.W.3d 609, 619 (Tex. App.—Waco 2002, pet. denied). We reverse a judgment on the basis of evidentiary error—the erroneous admission of an expert's testimony—only if we conclude the error probably caused rendition of an improper judgment. *See Boulle v. Boulle*, 254 S.W.3d 701, 707 (Tex. App.—Dallas 2008, no pet.) (citing TEX. R. APP. P. 44.1(a)(1) and *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989)).

Appellant argues that the methodology used by appellee's expert, Arleen Cassidy, regarding future rent damages was erroneous and unreliable. Cassidy is an MAI appraiser with an M.B.A. in finance and twenty-eight years of experience appraising industrial properties. At Cassidy's first mention of a market rent study, appellant objected to relevance arguing replacement leases were already admitted in evidence making a hypothetical market rent study irrelevant. The trial court did not rule on the objection. Cassidy then testified in detail to every component of her calculation without objection from appellant either to her general methodology or her resulting calculation of future damages under the lease. Cassidy's calculation took into account one replacement lease for part of the leasehold that Wicks had already entered into by the time Cassidy first made her calculations. Appellant cross examined Cassidy extensively about a second replacement lease that appellant contends Cassidy's calculation did not take into account. During the cross examination, appellant moved to strike the expert testimony and asked for a sidebar discussion with the trial court. The trial court overruled the objection without holding a sidebar conference and no basis for the objection appears in the record. Appellant then led Cassidy through a calculation appellant contends is the correct way to calculate future damages and obtained Cassidy's agreement that the mathematics used resulted in $101,828 before discounting to present value. Cassidy, however, did not agree appellant's calculation was the proper way to calculate future damages under the lease.

Appellee argues appellant failed to object to Cassidy's methodology at any time before the trial court admitted Cassidy's testimony regarding her calculation of future damages and that an objection on relevancy grounds is not the same grounds as asserted on appeal. Appellant failed to object to the expert's testimony on the basis of improper methodology before or during trial and obtain a ruling from the trial court. *See Pink v. Goodyear Tire & Rubber Co.*, 324 S.W.3d 290, 299-300 (Tex. App.—Beaumont 2010, pet. dism'd) ("The examination of an

expert's methodology, technique, or foundational data is a task for the trial court in its role as gatekeeper. But, generally, a *Robinson* determination is 'not an analysis that should be undertaken for the first time on appeal.'") (quoting *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 233 (Tex. 2004)). For appellant to have preserved error for appellate review, appellant had to timely and specifically object to the evidence and obtain a ruling. *Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007) (citing TEX. R. APP. P. 33.1(a) and TEX. R. EVID. 103(a)). "Error is waived if the complaining party allows the evidence to be introduced without objection." *Id.* (citing *Richardson v. Green*, 677 S.W.2d 497, 501 (Tex. 1984)). Rule 33.1(a) requires the record to demonstrate "a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint . . . ." TEX. R. APP. PROC. 33.1(a). In the record before us, appellant neither objected nor obtained a ruling before Cassidy testified in detail to her methodology and the resulting future damages calculation. Accordingly, the trial court did not err and we overrule appellant's second issue.

## CONCLUSION

We resolve appellant's issues against it and affirm the trial court's judgment.

/ David Evans/
DAVID EVANS
JUSTICE

130362F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TRANSCONTINENTAL REALTY
INVESTORS, INC., Appellant

No. 05-13-00362-CV　　　V.

SIDNEY WICKS, AS TRUSTEE OF THE
SIDNEY WICKS REVOCABLE TRUST,
Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-15435.
Opinion delivered by Justice Evans.
Justices Fillmore and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee SIDNEY WICKS, AS TRUSTEE OF THE SIDNEY WICKS REVOCABLE TRUST recover his costs of this appeal from appellant TRANSCONTINENTAL REALTY INVESTORS, INC.

Judgment entered this 5th day of August, 2014.