**Affirm in part; Reverse and Remand in part and Opinion Filed March 15, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00053-CV**

**WILLIAM GARLAND SIMONS, Appellant**

**V.**

**MEDICAL HYPERBARICS, INC., Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-07223**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Nowell

The trial court granted appellee Medical Hyperbarics, Inc.'s (MHI) traditional and no-evidence motion for summary judgment on its original verified petition for damages against appellant William Garland Simons. Simons challenges the trial court's subject matter jurisdiction to grant summary judgment and contends the trial court erred because genuine issues of material fact exist. Simons also asserts the trial court denied him his constitutional right to a jury trial on attorneys' fees. We reverse the trial court's award of attorneys' fees and remand for further proceedings. In all other respects, we affirm the trial court's judgment.

## Background

On February 27, 2019, Simons became ill at a restaurant while vacationing in Cozumel, Mexico. Patrons placed him in a taxicab, and the driver took him to Cozumel International Hospital (the Cozumel Facility), a facility specializing in treatment for divers experiencing decompression sickness.

Simons signed an Obligation to Pay Agreement (OTP Agreement), which explained his obligations regarding payments for his medical care at the Cozumel Facility. The OTP Agreement provided, in relevant part, that Simons was of sound mind, fully understood the consequences, and "chose to obligate [himself] to make payments for the services [he] received and want[ed] to continue receiving services at this facility." It further provided:

> I am aware of their rates. This is my voluntary promise to pay the charges for the services rendered to me, in case my insurance does NOT cover the charges in full. The benefit of this credit extended to me is issued by MHI, Dallas Texas. . . .
>
> The emergency treatment services were rendered at this private facility WITHOUT any coercion. Now at the therapy stages, it is my choice to receive further services at this private facility, rather than seek repatriation for continued therapy.

Simons initialed each paragraph in the OTP Agreement and signed the "Confirmation by Patient." Carter Robert witnessed it.

The Cozumel Facility provided care to Simons from February 27, 2019 to March 2, 2019 at the cost of $24,433.08. Simons paid $9,732.00 and his insurance

carrier filed a partial payment of $1,441.81 to MHI, a Texas-based third-party billing service that services medial providers around the world.

On March 12, 2020, MHI sent a letter informing Simons he owed the $13,259.27 balance, and if payment was not received by March 26, 2020, it would take legal action.

On May 22, 2020, MHI filed its original verified petition for damages to recover the remaining $13,259.27 owed for Simons's medical expenses based on breach of contract, unjust enrichment, and attorneys' fees. On June 29, 2020, Simons filed an unverified original answer, specific denial, and affirmative defenses. Simons filed an unverified amended answer on December 18, 2020.

On November 24, 2021, MHI filed a traditional and no-evidence motion for summary judgment. MHI argued, in part, that it was entitled to summary judgment on its sworn account claim because Simons did not file a verified denial. On December 28, 2021, Simons filed a verification affidavit to "Defendant's Amended Answer filed in this case on December 18, 2020." MHI filed a motion to strike Simons's verification as untimely.

On January 13, 2022, Simons filed a verified second amended answer[1] and responses to both MHI's motion to strike and its summary judgment motion. He asserted MHI had no standing or capacity to bring suit because it was not assigned

---

[1] MHI did not file a motion to strike or object to Simons's verified second amended answer.

–3–

to collect his medical bills. He challenged the merits of the breach of contract claim, in part, because he lacked the mental capacity to sign the OTP Agreement given his medical condition at the time. He also challenged the no-evidence motion for summary judgment because MHI failed to list any elements of his affirmative defenses for which there was no evidence.

On April 14, 2022, the trial court granted MHI's motion to strike Simons's December 28, 2021 verification and December 18, 2021 amended answer. On the same day, in a separate order, the trial court granted MHI's traditional summary judgment on its sworn account and breach of contract claims and granted MHI's no-evidence summary judgment on Simons's affirmative defenses. On December 21, 2022, the trial court awarded $32,619.50 in attorneys' fees, $35,000 in conditional appellate attorneys' fees, and $897.70 in costs. This appeal followed.

## Summary Judgment Standard of Review

We review the trial court's grant of summary judgment de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). A traditional motion for summary judgment requires the moving party to show no genuine issue of material fact exists, and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lujan*, 555 S.W.3d at 84. If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Id.* In reviewing the summary judgment, we must credit evidence favoring the non-

–4–

movant, indulging every reasonable inference and resolving all doubts in his favor. *Id.*

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. *Gish*, 286 S.W.3d at 310; *see also* TEX. R. CIV. P. 166a(i).

### MHI's Standing and Capacity to Pursue Claims

Simons asserts MHI lacks standing and capacity to pursue its claims because the "sued-upon claims is without proof of an assignment from any medical provider," as "facility: Cozumel" in the OTP Agreement is a generic description of a medical location. MHI responds Simons (1) confused standing and capacity, (2) failed to raise capacity as an affirmative defense, and (3) failed to present any evidence raising a genuine issue of material fact.

A party must have both standing and capacity to sue. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). "A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Id.* at 848–49. While standing is a jurisdictional issue, lack of capacity is an affirmative defense. *6200 GP, LLC v.*

–5–

*Multi Serv. Corp.*, No. 05-16-01491-CV, 2018 WL 3154594, at *3 (Tex. App.—Dallas June 28, 2018, no pet.) (mem. op.).

"Texas law is clear, and this court has previously held numerous times, that a challenge to a party's privity of contract is a challenge to capacity, not standing." *Transcon. Realty Invs., Inc. v. Wicks*, 442 S.W.3d 676, 679 (Tex. App.—Dallas 2014, pet. denied); *see also 6200 GP, LLC*, 2018 WL 3154594, at *3. Simons argues MHI is not entitled to sue based on the OTP Agreement because there was no privity of contract; therefore, this is a challenge to capacity, not standing.

Privity is established by proving the defendant was a party to an enforceable contract with either the plaintiff or someone who assigned the cause of action to the plaintiff. *6200 GP, LLC*, 2018 WL 3154594, at *3. In its most general sense, the word "assign" or "assignment" means the transfer of property or some right or interest from one person to another. *Id.* It is a manifestation by the owner of a right of his intention to transfer the right to an assignee. *Id.* To recover on an assigned cause of action, the party claiming the assigned right must plead and prove that a cause of action capable of being assigned existed and was assigned to the party alleging assignment occurred. *Id.* at *4. Once a cause of action is assigned, "the assignee becomes the real party in interest with authority to prosecute the suit to judgment." *Id.* (quoting *S. Cnty. Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 465 (Tex. App.—Corpus Christi-Edinburg 2000, no pet.).

MHI attached the affidavit of Eric Munoz, the Claims Administrator and custodian of business records for MHI, to its motion for summary judgment. Munoz testified he was familiar with MHI's record-keeping system, and MHI was a third-party billing provider for the Cozumel Facility. He further stated, "The Cozumel Facility assigned its rights to collect for the medical services provided to [Simons] to MHI at the time the care was provided to Simons." His testimony was sufficient to establish an assignment between the parties and subsequent privity of contract for MHI to sue for recovery of outstanding medical bills. *See 6200 GP, LLC*, 2018 WL 31544594, at *6 ("A person may testify to a sale and assignment without providing any documentary evidence."); *see also Ortega v. CACH, LLC*, 396 S.W.3d 622, 627 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (in debt collection action, bank officer's affidavit testimony that "agreement and account was, on 8/18/2009 sold, transferred and set over unto CACH, LLC" was not conclusory and established assignment).

The record also contains an initialed copy of the OTP Agreement, which lists "Facility: Cozumel" and states, "The benefit of this credit extended to me is issued by MHI, Dallas Texas." The itemized bill MHI sent Simons lists many different facilities it "provid[es] services for." The list includes "COZUMEL, Q. Roo, Mexico, Ph: 52.987.872.1430." The address and phone number of "COZUMEL" matches the information in the OTP Agreement. Finally, the itemized bill states at

the bottom, "**BENEFITS ASSIGNED** – PLEASE PAY FROM THIS INVOICE DIRECTLY TO: [MHI Dallas address]." (Emphasis in original.)

Simons failed to provide any summary judgment evidence raising a genuine issue of material fact as to the validity of the assignment of Simons's medical bills from the Cozumel Facility to MHI. To the extent he argues the Cozumel Facility should not be considered a legal entity because it is not a business organization but a "facility," he provided no legal authority or evidence for this proposition. Simons's first issue is overruled.

## Sworn Account

In his second issue, Simons argues the trial court erred by granting summary judgment on MHI's sworn account claim. MHI responds Simons did not file a sworn denial sufficient to rebut Texas Rule of Civil Procedure 185 or, in the alternative, it established its sworn account claim as a matter of law. *See* TEX. R. CIV. P. 185.

The essential elements to prove a sworn account are: (1) a sale and delivery of merchandise or performance of services; (2) the amount of the account is just, that is, that the prices were charged in accordance with an agreement or were customary and reasonable prices; and (3) the amount is unpaid. *Daniels v. Lavery*, No. 05-06-00216-CV, 2007 WL 549223, at *4 (Tex. App.—Dallas Feb. 23, 2007, no pet.) (mem. op.). When an action is founded on an open account on which a systematic record has been kept and is supported by an affidavit, the account shall be taken as prima facie evidence of the claim, unless the party resisting the claim files a sworn

–8–

denial under oath. TEX. R. CIV. P. 185; *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 832 (Tex. App.—Dallas 2014, no pet.). An opponent that does not properly file a written denial under oath will not be permitted to dispute the receipt of the services or the correctness of the charges. *Id.* A sworn general denial does not constitute a denial of the account and is insufficient to remove the evidentiary presumption created by a properly worded and verified suit on an account. *Id.* The defendant's written denial must state more than a broad generalization that he "specifically denies" the sworn account allegations; instead, the verified affidavit must address the facts on which the defendant intends to rebut the plaintiff's affidavit. *Id.*

Simons's second amended answer and verified denial was more than a general denial and specifically denied the sworn account allegations. *See, e.g.*, *Prof'l Servs. Techs., LLC v. Whipple*, No. 04-20-00273-CV, 2021 WL 3174259, at *3 (Tex. App.—San Antonio July 28, 2021, no pet.) (mem. op.) (concluding affidavit specifically denying "the amount Plaintiff claims is owed" on the sworn account directly controverted defendant's sworn account as required by rules 185 and 93(10)). To the extent MHI argues otherwise, we disagree and address Simons's arguments attacking the summary judgment.

Simons first argues the trial court erred by granting summary on the sworn account because the claim was not properly assigned to MHI; we have previously disposed of this argument. Simons next contends rule 185 does not apply because

the rule does not cover transactions between third parties or parties who are strangers to a transaction. *See Harris v. Jackson & Walker, L.L.P.*, No. 05-93-01795-CV, 1995 WL 23008, at *3 (Tex. App.—Dallas Jan. 20, 1995, no writ) (mem. op.) ("A 'stranger to the account' may controvert and disprove the sworn account without filing a written, sworn denial). Because MHI was assigned the claim, it is not a third party or stranger to the transaction. Simons is not a stranger to the transaction because the OTP Agreement reflects his name, signature, date of birth, and social security number, and the itemized invoice reflects his name and date of birth. Accordingly, rule 185 applies.

Simons next summarily challenges MHI's itemized invoice because it does not describe with reasonable certainty the items sold. We disagree. Rule 185 states, "No particularization or description of the nature of the competent parts of the account or claim is necessary unless the trial court sustains special exceptions to the pleadings." Simons did not file special exceptions asking for particularity regarding the "items sold," and he has not identified how or why the itemized invoice is deficient in describing the "items sold." *See, e.g.*, *S. Mgmt. Servs., Inc. v. SM Energy Co.*, 398 S.W.3d 350, 355 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (rejecting appellant's complaints that accounting did not specify exactly what services were provided because it included unexplained abbreviations and appellant did not specially except). Instead, the invoice provides the dates of service, the services

rendered (i.e.: chest x-ray, USG vascular, bubble echocardiogram, labs, room/board), and the hours and rates charged for each service rendered.

Although Simons filed a sworn denial, MHI was entitled to summary judgment on its sworn account because it produced legal and competent summary judgment evidence establishing the validity of its claim as a matter of law. MHI included a sworn affidavit from its Claims Administrator, the OTP Agreement, the itemized invoice for services rendered, and the request for payment letter sent to Simons. *See* TEX. R. CIV. P. 185.

Simons did not bring forth any evidence raising a fact issue precluding summary judgment. His affidavit provides unsupported conclusory statements regarding the fraudulent nature of the charges and that the charges are "not just and true and not the usual, customary, and reasonable prices charged." *See, e.g.*, *Adcock v. Cal-Maine Foods, Inc.*, No. 03-22-00418-CV, 2024 WL 201963, at \*3 (Tex. App.—Austin Jan. 19, 2024, no pet.) (mem. op.) (concluding statements that do not provide "specific factual bases on which the conclusion was drawn" are conclusory). Affidavits containing conclusory statements that fail to provide the underlying facts supporting those conclusions are not proper summary judgment evidence. *Padilla v. Metro. Transit Auth. of Harris Cnty.*, 497 S.W.3d 78, 86 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Accordingly, the trial court did not err by granting summary judgment as a matter of law on MHI's sworn account claim.

In reaching this conclusion, we need not consider whether the trial court erred by striking Simons's first amended answer and verification. TEX. R. APP. P. 47.1. Simons's second issue is overruled.

### Breach of Contract

In his third issue, Simons argues the trial court erred in granting summary judgment on MHI's breach of contract claim because fact issues exist as to whether there was a meeting of the minds for an enforceable contract and whether the Cozumel Facility fully performed the OTP Agreement.

A breach of contract action requires proof of four elements: (1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages as a result of the breach. *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). Simons has not challenged elements three and four.

To the extent Simons relies on the absence of a valid assignment to support privity of contract, we have rejected this argument. The majority of Simons's remaining argument consists of a copy of his affidavit attached to his summary judgment response, in which he asserted he never agreed to the charges because he was without mental capacity to enter into the contract. He claimed by the time he arrived at the Cozumel Facility, he had lost his motor skills, his vision was blurred, and he had "tremendous pain in my spine giving me a feeling that my neck had collapsed." He believed he suffered from "the bends or nitrogen narcosis" and could

–12–

not read or understand the OTP Agreement. Because of his mental and physical condition, he maintained there was no meeting of the minds to form a valid contract with the Cozumel Facility, agents of the facility, or MHI.

Texas law has long presumed that a party to a contract has the mental capacity to enter into the contract. *McKeehan v. McKeehan*, 355 S.W.3d 282, 295 (Tex. App.—Austin 2011, pet. denied); *Harrell v. Hochderffer*, 345 S.W.3d 653, 661–62 (Tex. App.—Austin 2011, no pet.). The fact that a party raises the issue of incompetence does not, alone, obligate the summary-judgment movant to prove mental competence or disprove the possibility of incompetence. *McKeehan*, 355 S.W.3d at 295. Rather, to raise a question of fact sufficient to overcome the presumption that Simons had the requisite mental capacity to complete and sign the OTP Agreement—i.e., to defeat MHI's motion for summary judgment on the ground he lacked the mental capacity to enter into a contract—Simons had to present competent summary-judgment evidence showing he lacked "sufficient mind and memory at the time of execution to understand the nature and effect of [his] act." *Id.*

"While circumstantial evidence may be offered to raise an issue of material fact, such evidence must transcend mere suspicion. Evidence that is so slight as to make any inference a guess is in legal effect no evidence." *Harrell*, 345 S.W.3d at 661 (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004)) (citations omitted). Here, the inference of mental incapacity suggested by Simons's loss of his motor skills, blurred vision, and pain in his spine does not rise above mere suspicion,

–13–

as such difficulties "can be explained by physical disability just as easily as mental incapacity." *Id.* Likewise, his conclusory statement he "suffered from the bends or nitrogen narcosis," absent medical testimony or other evidence suggesting the conditions render someone mentally incapacitated, does not give rise to the inference he did not understand the OTP Agreement when he signed it. *See, e.g.*, *McKeehan*, 355 S.W.3d at 295–96 (absent medical evidence suggesting brain radiation treatment renders someone mentally incapacitated, the mere statement in an affidavit did not create a fact issue regarding mental capacity to sign contract). Thus, Simons failed to bring forth evidence creating a material fact issue of his mental capacity to enter into the OTP Agreement.

Simon also implies he was never made aware of the claimed rates for medical services, and the charges were not usual, customary, or reasonable. When a contract fails to state an exact price, the law presumes the parties to the contract intended a reasonable price. *Seabourne v. Seabourne*, 493 S.W.3d 222, 229 n.9 (Tex. App.—Texarkana 2016, no pet.) (citing *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 241 (Tex. 2016)).

While the OTP Agreement does not specifically provide for medical rates, "the failure to specify a price does not necessarily render the contract so indefinite as to be unenforceable." *Crisp Analytical Lab, L.L.C. v. Jakalam Props, Ltd.*, 422 S.W.3d 85, 90 (Tex. App.—Dallas 2014, pet. denied). Simons initialed the OTP Agreement in which he voluntarily promised to pay the charges for the services

rendered. The record contains the itemized invoice for Simons's services, the demand letter for the services, and Munoz's affidavit confirming the debt owing was just and lawful after applying offsets, payments, and credits. Simons's affidavit contains only conclusory statements the charges were unreasonable without any supporting controverting evidence explaining why the rates were unreasonable or unusual, and without providing contrary evidence of reasonable rates. Thus, he failed to raise a genuine issue of material fact regarding the formation of the contract based on a lack of a specified reasonable price for the medical services received.

Simons also asserts a genuine issue of material fact exists regarding MHI's performance of the contract. Specifically, he argues there is a fact issue as to "whether or not there was at least one attending physician for the times billed for physicians." In his affidavit, he states the fee for "a doctor on duty" was unfounded because there was only an "unskilled worker referred to as a 'tender' watching [him]." Thus, he was charged "$325 per hour for a total of sixteen hours in four visits for a hyperbaric doctor who was not there." The assertion that there was only an "unskilled tender" watching him does not create a fact issue regarding whether a "hyperbaric doctor" was on duty.

To the extent he implies the Cozumel Facility did not perform under the contract, he admitted a "USG Vascular," also called a bubble test, was performed on him. The itemized bill also indicates he received a chest x-ray. The OTP Agreement states, "[e]mergency treatment services were rendered." Simons has not raised a

–15–

genuine issue of material fact regarding the Cozumel Facility's performance of the contract (i.e.: providing medical services). Simons's third issue is overruled.

**Affirmative Defenses**

Simons next challenges MHI's no-evidence motion for summary judgment on his affirmative defenses because MHI failed to identify any elements for which there was no evidence. MHI concedes it did not comply with rule 166a(i). *See* TEX. R. CIV. P. 166a(i) ("The motion must state the elements to which there is no evidence."). However, a plaintiff is not required to move for summary judgment on the defendant's affirmative defenses and has no obligation to negate those defenses. *See Marx v. FDP, LP*, 474 S.W.3d 368, 377 (Tex. App.—San Antonio 2015, pet. denied) (citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984)). The defendant's mere pleading of affirmative defenses does not prevent the rendition of summary judgment for a plaintiff who conclusively establishes each element of its cause of action as a matter of law. *Id.* at 378. To the contrary, a defendant relying upon an affirmative defense must bring forward sufficient summary judgment evidence to raise an issue of fact on each element of the defense to avoid summary judgment. *Id.*

The trial court properly granted summary judgment as a matter of law on MHI's sworn account and breach of contract claims. Simons neither supported his affirmative defenses through summary judgment evidence in his response nor filed his own motion for summary judgment. Accordingly, despite MHI's failure to

comply with rule 166a(i), the trial court's order granting a no-evidence summary judgment on Simons's affirmative defenses did not cause the rendition of an improper judgment requiring reversal. *See* TEX. R. APP. P. 44.1(a); *see also Pinnacle Anesthesia Consultants, P.A. v. Fisher*, 309 S.W.3d 93, 103 (Tex. App.—Dallas 2009, pet. denied) (granting no-evidence summary judgment did not result in entry of improper judgment because trial court properly granted traditional summary judgment). We overrule Simons's fourth issue.

## Attorneys' Fees

In his final issue, Simons argues the trial court denied him his constitutional due process right to a jury trial on attorneys' fees; therefore, the award of attorneys' fees must be reversed.

The Texas Constitution provides:

> In the trial of all causes in the district courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature.

TEX. CONST. art. 5, § 10.

MHI sought "attorneys' fees in accordance with Ch. 38 of the Tex. Civ. Prac. & Rem. Code (to be proven at a later time)" as part of its general request for relief in its summary judgment motion. The trial court's order granting summary judgment stated, "Plaintiff is entitled to an award of reasonable and necessary attorneys' fees and costs in an amount to be determined by hearing."

–17–

MHI then filed an application for attorneys' fees and costs, in which it requested $32,619.50 in attorneys' fees, $35,000 in conditional appellate attorneys' fees, and $894.70 in costs. It attached (1) an attorney affidavit explaining the reasonable and necessary fees, (2) the biographies of attorneys that worked the file, and (3) the redacted itemized billing statements. Simons filed a response in which he refused to stipulate to fees and requested the fee issue "be submitted to a fact finder in a conventional trial." He further argued the fees sought were unreasonable because they totaled three times the actual damages award.

The court held a hearing in which Simons emphasized his request for a jury trial on attorneys' fees and reminded the court he made his original request for a jury trial in 2020 and paid the fee. MHI's counsel stated, "I believe if [Simons] is insisting on a jury for the sole issue of attorneys' fees, he would be entitled to that. I don't think it's a good idea. . . . I don't disagree that [he's] entitled to a jury, but I think it's a bad idea." The trial court stated, "If at the conclusion of the hearing I believe that we should pursue these claims in front of a jury, then I'll so rule."

Darla Gabbitas, MHI's attorney, testified as an expert on fees. Simons objected to her testimony because no jury was impaneled. The court overruled the objection and the hearing continued. At the conclusion of the hearing, the trial court asked Simons's attorney, "Before I rule, are you wanting to continue on with your request for a jury trial on fees?" He said he had not changed his position, objected to the entire hearing, and reminded the court MHI's attorney "admitted that he

doesn't have a leg to stand on." The trial judge's phone starting ringing, and she abruptly ended the hearing without ruling. The court signed an order on December 21, 2022 awarding MHI's requested fees and costs in their entirety.

We review the "denial of a jury demand for an abuse of discretion." *Interest of A.L.M.-F.*, 593 S.W.3d 271, 282–83 (Tex. 2019). A trial court abuses its discretion when a "decision is arbitrary, unreasonable, and without reference to guiding principles." *Id.* The distinction between a jury trial that is permissive under the law and one that is available as a matter of right is more than mere semantics. *Id.* at 283. When a jury trial is available as a matter of right, a timely request is presumptively reasonable and ordinarily must be granted absent evidence that granting the request would "(1) injure the adverse party, (2) disrupt the court's docket, or (3) impede the ordinary handling of the court's business." *Id.*

Each party pays their own attorneys' fees unless a statute or contract dictates otherwise. *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017) (orig. proceeding). "When fee-shifting is authorized, whether by statute or contract, the party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019). "In general, the reasonableness of statutory attorney's fees is a jury question." *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 367 (Tex. 2000); *see* TEX. CONST. art. V, § 10; *Pisharodi v. Columbia Valley Healthcare Sys., L.P.*, 622 S.W.3d 74, 87 (Tex. App.—Corpus Christi–Edinburg

–19–

2020, no pet.). However, any award of fees, including attorneys' fees, "is limited by the wording of the statute or contract that creates an exception to the American Rule." *JCB, Inc. v. Horsburgh & Scott Co.*, 597 S.W.3d 481, 491 (Tex. 2019) (under the American rule, attorneys' fees are not awarded unless a statute or contract authorizes them); *Pisharodi*, 22 S.W.3d at 88.

Section 38.001(b) permits the recovery of attorneys' fees but does not dictate how to determine the attorneys' fee amount, except that the award must be "reasonable." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(b) ("A person may recover reasonable attorney's fees from an individual or organization . . . in addition to the amount of a valid claim and costs, if the claim is for . . . (7) a sworn account; or (8) oral or written contract"). Thus, the statute is silent on the "critical judge-or-jury question." *See Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 229 (Tex. 2010) (observing that labor code section 408.221 does not state explicitly that the court alone is to determine the amount of attorney's fees, nor does it expressly forbid a jury from deciding the matter). When faced with a similar silent fee-shifting provision in *Crump*, the Supreme Court of Texas construed the statute as entitling the parties to have the jury determine the disputed issue of the reasonableness of the attorneys' fees. *Id.* In doing so, the court construed the statute in a manner that did not disturb the presumption of constitutional compliance to a right to a jury trial on attorneys' fees. *Id.*; *see also Pisharodi*, 622 S.W.3d at 89 (citing *In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 468 (Tex. 2011) ("When construing statutes we

presume the Legislature intended them to comply with the Texas Constitution."). Similarly, because section 38.001(b) does not dictate the manner to determine the amount of attorneys' fees, providing only that the award must be "reasonable," reasonableness remains a fact issue that a jury, upon proper request, may resolve. *Crump*, 330 S.W.3d at 230–31; *Pisharodi*, 622 S.W.3d at 90.

A defendant must object in the trial court to the submission of attorneys' fees to the judge or risk waiver of the right to have the jury decide the issue. *Jefferson Cnty. v. Nguyen*, No. 09-13-00505-CV, 2015 WL 4597560, at *25 (Tex. App.—Beaumont July 31, 2015, no pet.) (mem. op.). Courts have held that a party's failure to timely object to the submission of attorneys' fees to the court waives its complaint on appeal, even when the right to a jury trial has previously been perfected. *Id.*

Simons filed his request for a jury trial and paid his fee. He objected to the trial court considering the fee issue in his response to MHI's application for fees and objected throughout the hearing on MHI's application for fees. MHI's counsel conceded Simons was entitled to a jury trial on attorneys' fees and argued, "it's a bad idea." His opinion on Simons's constitutional right to a jury trial on attorneys' fees, absent any legal authority, was irrelevant.

Because Simons was entitled to a jury trial on attorneys' fees as a matter of right, his timely request was presumptively reasonable and should have been granted. *Interest of A.L.M.-F.*, 593 S.W.3d at 283. The record does not contain any evidence that granting his request would (1) injure MHI, (2) disrupt the court's

–21–

docket, or (3) impede the ordinary handling of the court's business. *Id.* The trial court abused its discretion by denying Simons's timely request for a jury trial on attorneys' fees.

In reaching this conclusion, we reject MHI's argument that Simons was not entitled to a jury trial on fees because its application for fees constituted a motion for summary judgment on fees. *See In re Estate of Hutchins*, 391 S.W.3d 578, 585 (Tex. App.—Dallas 2012, no pet.) (stating courts look to substance of the motion to determine the relief sought and not merely its title). When construing whether a motion is a traditional or no-evidence motion for summary judgment despite titled otherwise, courts consider, in part, whether the party cited and applied a traditional or no-evidence standard of review. *See, e.g.*, *Luna v. Garcia*, No. 02-23-00209-CV, 2023 WL 7400927, at *3 (Tex. App.—Fort Worth Nov. 9, 2023, pet. denied) (mem. op.); *McArdle v. Stahl*, No. 03-04-00817-CV, 2006 WL 1648988, at *1 n.1 (Tex. App.—Austin June 15, 2006, no pet.) (mem. op.). MHI's application for fees does not contain any summary judgment standard of review. Neither the parties nor the trial court indicated the application should be considered a summary judgment motion during the hearing. Rather, the trial court stated she was undecided on whether a jury trial was necessary.

Despite these facts, MHI relies on our holding in *Arnold v. Addison*, No. 05-20-00001-CV, 2021 WL 5984875, at *14 (Tex. App.—Dallas Dec. 17, 2021, no pet.) (mem. op.) in which we concluded the appellees' motion for "determination of

–22–

fees" was a summary judgment motion because the motion "specifically cited authority and evidence purportedly establishing appellees' right to recover reasonable and necessary attorneys' fees and the amount of the fees sought." *Id.* In that case, the party challenging attorneys' fees did not raise a constitutional challenge to a timely requested jury trial on attorneys' fees. Moreover, MHI raised this argument for the first time on appeal, and we decline to abrogate Simons's right to a jury trial under the Texas Constitution by after-the-fact, creative lawyering. *See* TEX. CONST. art. V, § 10.

The denial of a party's constitutional right to trial by jury constitutes reversible error. *See McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex.1995); *Asafi v. Rauscher*, No. 14-10-00606-CV, 2011 WL 4031015, at *9, n.10 (Tex. App.—Houston [14th Dist.] Sept. 13, 2011, pet. denied) (mem. op.). As such, we need not address the application for fees, and therefore, provide no opinion on its merits. TEX. R. APP. P. 47.1. We sustain Simons's fifth issue, reverse the trial court's award of $32,619.50 in attorneys' fees, $35,000.00 for conditional appellate attorneys' fees, and $897.70 in costs, and remand for further proceedings.

**Conclusion**

We reverse the trial court's award of attorneys' fees and remand for further proceedings.  In all other respects, we affirm the trial court's judgment.

230053f.p05

/Erin A. Nowell//

ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM GARLAND SIMONS,
Appellant

No. 05-23-00053-CV     V.

MEDICAL HYPERBARICS, INC.,
Appellee

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-07223.
Opinion delivered by Justice Nowell.
Justices Miskel and Kennedy
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment awarding $32,619.50 in attorneys' fees, $35,000.00 for conditional appellate attorneys' fees, and $897.70 in costs. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 15th day of March, 2024.