

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00077-CR
_____

BRYAN SHELBY KAYE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 55891-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Bryan Shelby Kaye entered an open plea of guilty to assaulting a peace officer. *See* TEX. PENAL CODE ANN. § 22.01(b-2) (Supp.). After a punishment trial to the bench, the trial court sentenced Kaye to ten years' imprisonment. In his sole argument on appeal, Kaye argues that the trial court erred by failing to conduct an informal inquiry into his competence to stand trial. Because we find that a sua sponte inquiry into Kaye's competence was not required, we overrule Kaye's point of error and affirm the trial court's judgment.

## I. Standard of Review

"We review a complaint that the trial court erred in not conducting an informal competency inquiry for an abuse of discretion." *Jackson v. State*, 391 S.W.3d 139, 141 (Tex. App.—Texarkana 2012, no pet.); *see Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). "In so doing, 'we reverse "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree."'" *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009) (quoting *State v. Gonzalez*, 855 S.W.2d 692, 695 n.4 (Tex. Crim. App. 1993)). "[I]n the absence of [such] an abuse of discretion this Court would not be justified in reversing the judgment." *Id.* (second alteration in original) (quoting *Gonzalez*, 855 S.W.2d at 696).

## II. Relevant Caselaw

"As a matter of constitutional due process, a criminal defendant who is incompetent may not stand trial." *Clark v. State*, 592 S.W.3d 919, 924 (Tex. App.—Texarkana 2019, pet. ref'd) (quoting *Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018)). "Although a defendant

is presumed competent and bears the ultimate burden of proving incompetence to stand trial," the Texas Code of Criminal Procedure "does not allow a trial court to stand by and wait for a defendant to raise the issue." *Id.* at 925. "Rather, in order to ensure that no incompetent defendant is put to trial, Article 46B [of the Texas Code of Criminal Procedure] places certain responsibilities on the trial court to inquire into the matter independently and force the parties to litigate the issue, if necessary." *Id.* (citing TEX. CODE CRIM. PROC. ANN. arts. 46B.003(b), 46B.004(a), 46B.005(a)).

"Texas' competency statutes allow competency to be raised, by either party or the judge, at any time before sentence is pronounced." *Morris v. State*, 301 S.W.3d 281, 290 (Tex. Crim. App. 2009). "Procedurally, a trial court employs two steps for making competency determinations before it may ultimately conclude that a defendant is incompetent to stand trial." *Boyett*, 545 S.W.3d at 563. "The first step is an informal inquiry; the second step is a formal competency trial." *Id.*

Article 46B.004(b) describes how an informal inquiry can be triggered. It states, "If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004(b). "On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004(c).

3

Because "[a]n informal inquiry is called for upon a 'suggestion' from any credible source that the defendant may be incompetent," *Boyett*, 545 S.W.3d at 563 (quoting TEX. CODE CRIM. PROC. ANN. art. 46B.004(a), (c), (c-1)), "[t]he amount of information necessary to trigger an 'informal inquiry' is low," *Clark*, 592 S.W.3d at 925 (quoting TEX. CODE CRIM. PROC. ANN. art. 46B.004(c), (c-1)). "Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by Article 46B.024 or on any other indication that the defendant is incompetent within the meaning of Article 46B.003." TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1). "A further evidentiary showing is not required to initiate the inquiry, and the court is not required to have a bona fide doubt about the competency of the defendant."[1] *Id.*

> Under Article 46B.024,
>
> considerations include information regarding whether the defendant has a mental illness or an intellectual disability, "whether the identified condition has lasted or is expected to last continuously for at least one year," whether medication is necessary to maintain the defendant's competency, and "the degree of impairment resulting from the mental illness or intellectual disability . . . and the specific impact on the defendant's capacity to engage with counsel in a reasonable and rational manner."

*Laflash v. State*, 614 S.W.3d 427, 432 (Tex. App.—Houston [1st Dist.] 2020, order) (quoting TEX. CODE CRIM. PROC. ANN. art. 46B.024(2)–(5)); *see Lampkin v. State*, 470 S.W.3d 876, 908 (Tex. App.—Texarkana 2015, pet. ref'd).[2] Under Article 46B.003, a defendant is incompetent to

---

[1]During the informal inquiry, "a trial court must consider only evidence of incompetency, and it must not weigh evidence of competency against the evidence of incompetency." *Boyett*, 545 S.W.3d at 564.

[2]The term "'[m]ental illness' means an illness, disease, or condition, other than epilepsy, dementia, substance abuse, or intellectual disability, that grossly impairs: (A) a person's thought, perception of reality, emotional process, or

4

stand trial if he does not possess "sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding." TEX. CODE CRIM. PROC. ANN. art. 46B.003(a)(1). Evidence of "recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant" are sufficient to trigger a competency inquiry. *McDaniel v. State*, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003) (quoting *Alcott v. State*, 51 S.W.3d 596, 602 (Tex. Crim. App. 2001) (Price, J., concurring)).

## III. Analysis

The record of the plea hearing shows that Kaye, who was thirty-seven, pled guilty to the offense after proper admonishments by the trial court because he was guilty of the offense. Kaye represented that he read the indictment, he wished to waive a jury trial, no one forced him to give up the right to a jury trial, and he understood the range of punishment. Kaye also told the trial court that he "got [his] GED at Kilgore College," read and wrote the English language, and had voluntarily signed his plea paperwork.

Even so, Kaye argues on appeal that the trial court should have conducted an informal inquiry because, when asked about his competence, Kaye's trial counsel replied, "Your Honor, under our law, I believe he is competent. You will see some things in the [presentence investigation report (PSI)], which would stand out." Due to counsel's reply, Kaye's appellate argument asserts that "[t]he trial court should have taken th[e] statement by trial counsel as a possible representation suggesting incompetence." We disagree.

---

judgment; or (B) behavior as demonstrated by recent disturbed behavior." TEX. CODE CRIM. PROC. ANN. art. 46B.001(12) (Supp.).

5

Counsel expressly informed the trial court of his opinion that Kaye was competent to stand trial. There was no evidence of moderate retardation or bizarre acts by Kaye in the trial court's presence to suggest otherwise. As for mental illness, Kaye's PSI shows that he had reported being diagnosed with schizophrenia and was placed on suicide watch numerous times while previously incarcerated, but nothing suggested that Kaye's mental illness was severe or that he was experiencing any effects that would impact his competency. In *Turner v. State*, the Texas Court of Criminal Appeals noted, "The fact that a defendant is mentally ill does not by itself mean he is incompetent," and we find that the record in Kaye's case shows nothing more than that he was mentally ill at some point in time. *Turner v. State*, 442 S.W.3d 676, 691 (Tex. Crim. App. 2013). It is only "when a defendant's mental illness operates in such a way as to prevent him from rationally understanding the proceedings against him or engaging rationally with counsel in the pursuit of his own best interests" that "he cannot be made to stand trial consistent with due process." *Id.*

Here, the record, which includes Kaye's testimony, shows the opposite. Kaye was questioned by his trial counsel in front of the trial court, and his answers were appropriate. He again testified that he understood the plea paperwork that he signed. Kaye affirmed that he had discussed with his counsel the evidence against him and the contents of the PSI, which showed that Kaye had been using "methamphetamine[], off and on, for over 20 years," and had no questions for his trial counsel. The record shows that the assault of a peace officer occurred while Kaye was on methamphetamine, and Kaye agreed with the trial court that he had an extensive criminal history stemming from a severe substance abuse issue. During closing

6

argument, Kaye's trial counsel labeled him as "intelligent" and informed the trial court that Kaye wished for community supervision to "figure[] out a way to stay clean" by attending a residential program with the House of Disciples.[3]  Further, the clerk's record contains well-written pro se motions filed after Kaye's arrest in which he asked for a personal recognizance bond and sought a speedy trial.

Simply put, there was no evidence "from any credible source" before sentence was pronounced that showed Kaye had any mental illness that prevented his rational understanding of the proceedings or that he was unable to meaningfully engage with his counsel.  *Boyett*, 545 S.W.3d at 563.  As a result, we do not find that Kaye met the threshold required to trigger an informal inquiry.

We conclude that, based on the record before us, the trial court did not abuse its discretion by failing to conduct an informal inquiry into Kaye's competence to stand trial.  As a result, we overrule Kaye's sole point of error.

---

[3]Kaye points to the fact that, after the trial court sentenced him, he said he wished to appeal because he "did not see any physical evidence" and denied biting the peace officer.  Kaye argues that those statements show that he did not understand the nature of the proceedings against him, but the "the Texas competency statute does not apply after sentencing." *Rodriguez v. State*, 329 S.W.3d 74, 79 (Tex. App.—Houston [14th Dist.] 2010, no pet.); (citing *Morris v. State*, 301 S.W.3d 281, 290 (Tex. Crim. App. 2009) ("Texas' competency statutes allow competency to be raised . . . at any time before sentence is pronounced.")).  Because Kaye's statement came after sentence was pronounced, Article 46B.004 did not apply, and we do not consider Kaye's post-sentencing statement in deciding whether the trial court abused its discretion by failing to conduct an informal inquiry into Kaye's competence. *See Rodriguez*, 329 S.W.3d at 79.

## IV. Conclusion

We affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:     September 15, 2025
Date Decided:       October 15, 2025

Do Not Publish